UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HUTCHISON,

        Plaintiff,                           Hon. Ellen S. Carmody

v.

                                          Case No. 1:14-cv-711

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On September 23, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #9).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 40 years of age on his alleged disability onset date. (Tr. 143). He successfully completed high school and worked previously as a truck driver. (Tr. 19-20). Plaintiff applied for benefits on August 31, 2011, alleging that he had been disabled since July 31, 2010, due to herniated discs, back pain, stress, high blood pressure, and diabetes. (Tr. 143-57, 182). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 68-142). On January 14, 2013, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (Tr. 29-67). In a written decision dated March 1, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 11-21). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R.

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease of the lumbar spine with lumbosacral poly-radiculitis; (2) obesity; (3) diabetes mellitus; and (4) history of right knee tendonitis, severe impairments that whether considered alone or in combination with other

---

404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 13-14). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he requires the option to sit/stand at will; and (2) he is limited to simple, routine tasks. (Tr. 14).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the state of Michigan approximately 7,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 61-63). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar.

1, 2006). The vocational expert also testified that if Plaintiff were further limited to sedentary work, there still existed in the state of Michigan approximately 4,400 jobs which Plaintiff could perform consistent with his RFC. (Tr. 63-64). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **Treating Physician Doctrine**

On November 29, 2011, physician's assistant David Hammond-Koskey completed a form regarding Plaintiff's physical limitations. (Tr. 316-19). Hammond-Koskey concluded that Plaintiff was far more limited than the ALJ recognized in his RFC determination. Specifically, Hammond-Koskey reported that during an 8-hour workday, Plaintiff can sit and stand/walk for less than two hours each, can "rarely" lift any amount of weight, and must take unscheduled breaks from work every 15 minutes. (Tr. 318). Hammond-Koskey also reported that Plaintiff experiences "significant limitations" in his ability to perform handling and fingering activities. (Tr. 319). He further reported that Plaintiff can never use his arms to perform reaching activities. (Tr. 319). Almost one year later, on November 16, 2012, Dr. Julie Shellhouse, authored a two-sentence statement in which she asserted that the limitations articulated by Hammond-Koskey "remain in effect." (Tr. 397). The ALJ afforded "little weight" to this opinion, concluding as follows:

> The undersigned gives this opinion little weight. It is not from an acceptable medical source, and provides upper extremity limitations that are totally unfounded and not alleged, calling the entire statement into question. The fact that Dr. Shellhouse briefly endorsed the earlier statement, despite not having seen the claimant until seven months later, does not make it any more credible.

(Tr. 19). Plaintiff argues that he is entitled to relief on the ground that the ALJ failed to give

appropriate weight to the opinion in question.

As the ALJ recognized, a physician's assistant is not an acceptable medical source whose opinions are entitled to any deference. *See, e.g.,* 20 C.F.R. §§ 404.1513, 416.913; *Oudsema v. Commissioner*, 2013 WL 588925 at *2 (W.D. Mich., Feb. 13, 2013). A physician's assistant is considered an "other source," whose opinions must be "considered," a requirement with which the ALJ complied. *Oudsema*, 2013 WL 588925 at *2. In this respect, the ALJ took issue with the upper extremity limitations Hammond-Koskey imposed on Plaintiff. The ALJ's assessment that such limitations are "totally unfounded and not alleged" is accurate. Moreover, the ALJ's conclusion that such "call[s] the entire statement into question" is not unreasonable.

As for Dr. Shellhouse's subsequent adoption of the opinion in question, the ALJ reasonably placed little weight on such. Dr. Shellhouse did not first examine Plaintiff until more than six months after Hammond-Koskey completed the form in question. Between June 18, 2012, the date on which Dr. Shellhouse began treating Plaintiff, and November 16, 2012, the date on which she made the statement in question, the doctor examined Plaintiff on only three occasions. (Tr. 376-83, 392-96). The treatment notes of these visits do not support the doctor's statement that the limitations articulated by Hammond-Koskey "remain in effect." Rather, the doctor's treatment notes indicate that Plaintiff's back pain was "relieved" with pain medication. (Tr. 376). The doctor also noted that Plaintiff was not complying with treatment directives regarding diet and exercise. (Tr. 379, 392).

This is consistent with other contemporaneous medical evidence. For example, on October 24, 2012, Dr. Rick Edgar, with the Shoreline Neurological Brain & Spine Center, determined that the best course of action for Plaintiff was "physical therapy for weight loss,

stretching, [and] strengthening of his core muscles." (Tr. 390). Thus, despite Dr. Shellhouse's status as Plaintiff's treating physician, the ALJ's decision to afford little weight to her subsequent adoption of Hammond-Koskey's opinion is supported by substantial evidence. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. The Court further determines that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3). A judgment consistent with this opinion will enter.

Date:  October 7, 2015                                    /s/ Ellen S. Carmody
                                                                  ELLEN S. CARMODY
                                                                  United States Magistrate Judge